## WITHDRAWAL OF WRITTEN PROPOSITION BEFORE ACCEPTANCE AND NEW AGREEMENT MADE.

Circuit Court of Cuyahoga County.

GEBBIE & COMPANY v. CHARLES R. WELCH.

Decided, October 21, 1907.

*Contracts—Offer and Acceptance—Offer Withdrawn, When.*

A written offer not accepted by plaintiff is withdrawn when plaintiff and defendant at a later time make a verbal contract concerning the same subject matter upon different terms from those embodied in the first offer.

*H. E. Parsons* and *Beavis & Johnson*, for plaintiff in error.
*Riley & McQuigg*, contra.

WINCH, J.; MARVIN, J., concurs; HENRY, J., not sitting.

Plaintiff in error was plaintiff below and claims error in the conclusions of law based upon the finding of facts made by the trial judge. Said finding and conclusions are as follows:

"Gebbie & Company, the plaintiff, is a corporation under the laws of Pennsylvania; that James Atkinson at the time of entering into the agreement hereinafter mentioned, was plaintiff's

canvassing agent for the sale of books sold on the installment plan, and that as such soliciting agent on the 30th day of March, 1901, entered into the contract, on behalf of the plaintiff, with the defendant, as set forth, in terms in the petition, to which reference is made for the terms of the contract. That at the time of the making of said contract, defendant upon the signing of it, stated that the down payment of four dollars could not be made by him until 12 o'clock of that day, at which time he would go to his employers and get an advance upon his wages; that said plaintiff's agent took possession of the writing and agreed to return at 12 o'clock at defendant's place of employment, that he so returned; whereupon defendant declined to carry out the terms of the written agreement, stating to the agent that he was liable to be discharged from his position, in which event he would be unable to perform the contract. Whereupon said plaintiff's agent agreed with the defendant that in case he at any time desired, while making the deferred payments, he might surrender the books and be relieved from further obligation to make payments on the contract, with the further stipulation that in that event, what he had paid should be treated as paid for the use of the books which were in his possession. The defendant thereupon, relying upon such promise, paid to the agent the four dollars down payment and later received the books, being delivered by the plaintiff's agent. That among further instructions to the plaintiff's agent was this: that he should receive on behalf of the plaintiff the first payment from purchasers and deliver it to the company. The court finds that later the defendant, being about ready to leave the city of Detroit for Cleveland, and being discharged from his employment, went to the branch office of plaintiff maintained by it in the city of Detroit, and stated to such agent that he had the books at his boarding house in Detroit, giving the street and number, and offered to surrender them to the plaintiff under the terms of said agreement. And thereupon the defendant came to Cleveland, Ohio, leaving the books at Detroit in said boarding house. That plaintiff refused to receive the books so tendered, and brought this action for balance of purchase as provided in the written contract set forth in the petition. The court finds, as a matter of law, that the said agent of plaintiff had authority to make the supplemental agreement which was entered into at the time of said agent's receiving the four dollars down payment and that in making the same the plaintiff was bound thereby, and that the defendant having kept the agreement as thus modified is relieved from liability to make the subsequent payments on the contract and is entitled to a judgment against the plaintiff.''

The "contract entered into on behalf of the plaintiff," referred to as set forth in the petition. is as follows:

"To the Gebbie Publishing Co., Ltd., Philadelphia.
    "Continental Co., Detroit, Mich.
    "In consideration of the agreement on your part to deliver the Library Edition of the Comedie Humains by Honore De Balzac, at my address, without extra charge, and as nearly as convenient to the directions given below, I hereby subscribe for one set, about thirty-two volumes bound ¾ morocco, gilt top, and agree to pay you therefor the sum of $3.00 for each volume on delivery, and Spafford's Cyclopedia for $24.00 with Atlas.
    "(Deliver 85 W. Elizabeth St.)
        "Name—Chas. R. Welch.
            "Collect at address Fletcher Hardware Co.,
                "Woodbridge St.
"James Atkinson.                        Date—March 30, 1901."

It will be noticed that this so-called contract is a proposition signed by the defendant and it does not appear that it was accepted by the plaintiff, or its agent. For aught that appears in the writing the terms were cash and all the books were to be delivered at once.

The only error we find in the conclusions of law is the characterization of the agreement made verbally by the agent, at noon, on the faith of which the four dollars was paid him, as a supplemental agreement.

As we view the facts in this case that was the only agreement made by the parties.

The written proposition made by plaintiff having been withdrawn by him, before its acceptance, the parties entered into the contract proposed by defendant at noon and the books were delivered and four dollars paid pursuant to the contract, which we construe to be of conditional sale, payments made to be compensation for the use of the books in the event further payments were not made and the books were returned.

Doubtless that agent would have full authority to make such a contract, in the absence of limitations upon his agency, communicated to the purchaser, and in the absence of a disavowal of the agent's authority within a reasonable time and tender back of the payment made by the purchaser.

In this view of the case the authorities cited by counsel for plaintiff in error are not applicable to the case and the judgment is affirmed.